UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SARAH F.,

Plaintiff,

v. 3:25-CV-00467 (ML)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

APPEARANCES: OF COUNSEL:

LACHMAN, GORTON LAW FIRM
Counsel for the Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, New York 13760-0089

PETER A. GORTON, ESQ.

SOCIAL SECURITY ADMINISTRATION
Counsel for the Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

VERNON NORWOOD, ESQ.
Special Assistant U.S. Attorney

MIROSLAV LOVRIC, United States Magistrate Judge

**ORDER**

Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

heard in connection with those motions on September 2, 2026, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is GRANTED,

2) Defendant's motion for judgment on the pleadings (Dkt. No. 14) is DENIED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is REVERSED.

4) This matter is REMANDED to the Commissioner, without a directed finding of disability, for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g).

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, REMANDING this matter to the Commissioner for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

Dated: September 8, 2026
Binghamton, New York

Miroslav Lovric

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

SARAH F.,

Plaintiff,

-v- 25-CV-467

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---------------------------------------------------------x

**DECISION TRANSCRIPT**
**BEFORE THE HONORABLE MIROSLAV LOVRIC**
September 2, 2026
15 Henry Street, Binghamton, NY 13901

For the Plaintiff:

LACHMAN & GORTON LAW OFFICE
P.O. Box 89
1500 East Main Street
Endicott, New York 13761
BY: **PETER A. GORTON, ESQ.**

For the Defendant:

SOCIAL SECURITY ADMINISTRATION
26 Federal Plaza
Room 3904
New York, New York 10278
BY: **VERNON NORWOOD, ESQ.**

(The Court and all parties present by video. Time noted: 3:35 p.m.)

THE COURT: Okay. All right. Well, the Court is going to begin with its decision and reasoning as follows: Plaintiff has commenced this proceeding pursuant to Title 42 U.S. Code 405(g) to challenge the adverse determination by the Commissioner of Social Security finding that she was not disabled at the relevant times and, therefore, ineligible for the benefits that she sought.

By way of background, the Court notes as follows: Plaintiff was born in 1984. She is currently approximately 42 years of age. She was approximately 38 years of age on the date of her application for benefits. Plaintiff stands approximately 5'7" inches and weighs approximately 270 pounds.

At the time of her administrative hearing on June 10th of 2024, plaintiff resided with her boyfriend and had a teenage daughter who resided with plaintiff's parents. Plaintiff is a high school graduate who attended regular education classes and took college courses for two academic years without obtaining a degree. Plaintiff's employment history includes multiple cashier and prep cook positions at fast food or casual dining restaurants. Most recently, she worked as an overnight front desk receptionist at a hotel.

Procedurally, the Court notes as follows: Plaintiff protectively filed for Title XVI benefits on December 9th of

2022. In support of her application for benefits, plaintiff claimed disability based on her chronic neck and back pain.

Administrative Law Judge Kenneth Theurer conducted a hearing on June 10, 2024, to address plaintiff's application for benefits.

ALJ Theurer issued an unfavorable decision on June 17th of 2024. That decision became the final determination of the agency on March 10, 2025, when the Appeals Council denied plaintiff's request for review.

This action was commenced on April 15th of 2025, and it is timely.

In his June 17, 2024, decision at issue in this case, the ALJ utilized the familiar five-step test for determining disability.

At step one, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since her Social Security application date of December 9, 2022.

At step two, the ALJ concluded that plaintiff had the following severe impairments: Obesity, fibromyalgia, degenerative disc disease of the cervical spine, a lumbar spine impairment, and migraines.

At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. In making this determination, the ALJ expressly considered

listings as follows: Listing 1.15, dealing with disorders of the skeletal spine resulting in compromise of nerve roots; and listing 11.02, dealing with epilepsy.

Next, the ALJ determined that plaintiff has the residual functional capacity, also referred to as RFC, to perform less than the full range of sedentary work with certain exertional and nonexertional limitations.

Specifically, the ALJ found that plaintiff: Can occasionally lift and carry ten pounds; can sit for approximately six hours, and stand or walk for approximately two hours in an eight-hour day with normal breaks; can occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; can perform no more than occasional overhead reaching with her right upper extremity; can tolerate no more than moderate levels of noise; should avoid working outdoors in bright sunshine; and should avoid work with bright or flickering lights such as would be experienced in welding or cutting metals.

At step four, the ALJ determined that plaintiff is unable to perform her past relevant work.

At step five, the ALJ relied on the vocational expert testimony to find that, considering plaintiff's age, education, work experience, and RFC, that there were jobs existing in significant numbers in the national economy that plaintiff can

perform.

Accordingly, the ALJ found that plaintiff was not disabled from her application date of December 9, 2022, through the date of the ALJ's decision.

Moving next to plaintiff's arguments on this appeal. As you know, this Court's functional role in this case is limited and extremely deferential. The Court must determine whether correct legal principles were applied and whether the determination is supported by substantial evidence, which is defined as such relevant evidence as a reasonable mind would find sufficient to support a conclusion. As the Second Circuit court noted in the case of *Brault v. Social Security Commissioner,* that's found at 683 F.3d 443, a 2012 case, the standard is demanding, more so than the clearly erroneous standard. The Court in *Brault* also indicated and stated that once there's a finding of fact, that fact can be rejected only if a reasonable factfinder would have to conclude otherwise.

On appeal, plaintiff raises two related contentions in this proceeding: First, plaintiff argues that the ALJ erred in evaluating the medical opinion evidence by failing to adequately explain his consideration of the supportability and consistency of the various opinions; second, the plaintiff argues that the ALJ's errors in the evaluative process resulted in an RFC that fails to properly account for plaintiff's limitations with regard to remaining on-task, maintaining

regular attendance, the need to change positions throughout the workday, and overhead reaching.

Turning next to this Court's analysis, reasoning, and decision, the Court begins as follows: This Court finds that remand for further administrative proceedings in this case is required to allow for proper evaluation of the medical opinion evidence for the following reasons.

"At the their most basic, the amended regulations require that the ALJ explain his or her findings regarding the supportability and consistency for each of the medical opinions," "pointing to specific evidence in the record supporting those findings." See case of *Raymond M. v. Commissioner.* That's at 19-CV-1313. That is a Magistrate Judge Baxter case here in the Northern District of New York. That's found at 2021 WL 706645 at page 8 and that's Northern District of New York, February 22nd of 2021.

The ALJ considered a total of seven medical opinions in determining plaintiff's physical RFC: Non-examining consultant opinions from Dr. J. Randall and Dr. S Putcha, who reviewed plaintiff's available medical records in May 2023 and August 2023, respectively; next, two opinions from Dr. Courtney Crocket, who performed consultive examinations in May 2023 and August 2023; next, a January 2024 medical assessment prepared by Nurse Practitioner Allison Hawk, one of plaintiff's primary care providers; the next opinion was a May 2024 medical opinion --

opinion form, I should say, completed by Physician's Assistant Erica Newton, another of plaintiff's primary care providers; and then lastly, a May 2024 medical opinion prepared by Dr. Khalid Sethi, plaintiff's treating neurologist.

As plaintiff points out, the ALJ's assessment of all the medical opinion evidence suffers from the same defect. Although the ALJ summarized the key findings from these opinions, he provided minimal explanation for their supportability and consistency beyond repeated generic references to the "overall record," or "the objective medical evidence, the claimant's treatment history, and her activities." This is insufficient because it provides no insight into the ALJ's analysis, and courts have frequently deemed such vague references to be grounds for remand. See *Melissa S. v. Commissioner*. That's 21-CV-420. That is a Magistrate Judge Stewart case in this district. It is found at 2022 WL 1091608 at page 4, Northern District of New York, April 12th of 2022. And in there, Judge Stewart stated, in sum and substance, remanding where "the ALJ does nothing more than state that the opinion is inconsistent with the record, but offers no explanation as to how that is true." See, also, case of *Cassandra G. v. Commissioner*. That's found at 626 F. Supp. 3d 553 at pages 564 through 565. That's also a Northern District of New York 2022 case. And stating therein, "an ALJ is required to explain his or her consideration of these factors and is not

entitled to generally assert that an opinion is 'consistent with' or 'supported by' the record, without further elaboration."

The paucity of the ALJ's analysis is best illustrated by his evaluation of Dr. Sethi's opinion. Dr. Sethi opined that plaintiff could lift up to 20 pounds occasionally and 5 pounds frequently, could stand or walk for two hours over the course of an eight-hour workday, and could sit for approximately three hours out of the workday. He further opined that plaintiff should change positions every 15 minutes, estimated that she would miss four days of work each month, and be off-task more than 20 percent of the workday. The opinion contains some narrative, but also refers to Dr. Sethi's attached treatment notes covering the period between August 2023 and May of 2024.

The ALJ deemed Dr. Sethi's opinion "less persuasive," finding it "not supported with ties to clinical findings" and "not entirely consistent with other evidence of record, including the objective medical evidence, the claimant's treatment history, and her activities." The ALJ also labeled Dr. Sethi's opinion regarding time off-task and work absences as speculative and unsupported.

This analysis provides no specific evidence to bolster the ALJ's decision to discount the treating neurologist's opinion and never mentions the treatment notes that accompanied Dr. Sethi's opinion. The Second Circuit has

consistently found that such cursory analysis fails to adequately evaluate the substance of a medical opinion. See, for example, *Colgan v. Kijakazi.* That's 22 F.4th 353 at page 361 and that's a Second Circuit 2022 case.

The ALJ's failure to articulate his reasoning regarding the persuasiveness of the medical opinion evidence appears to justify remand, but this Court still conducted the recommended "searching reviewing" of the overall record, and found nothing to allow it to "glean the rationale" behind the ALJ's "fleeting discussion" of the medical opinion evidence. See case of *Alexa J. v. Kijakazi.* That's at 22-CV-443. That is a Chief Judge Sannes and this Court's decision. That's found at 2023 WL 4467124 at page 4. And that's a Northern District of New York decision of July 11, 2023, therein remanding where the ALJ did not explain, "either expressly or implicitly," how the relevant evidence supports or undermines the medical opinion evidence.

It is well-established that ALJs are not required to "reconcile every conflicting shred of medical testimony," but it is equally true that an ALJ must "build an accurate and logical bridge from the evidence to his or her conclusion to enable a meaningful review." Because the ALJ's decision failed to build that accurate and logical bridge, this Court will remand to allow the ALJ to explain the supportability and consistency factors more fully with regard to the medical opinion evidence,

and to further develop the record as appropriate.

Plaintiff's remaining arguments regarding the ALJ's assessment of plaintiff's diagnosed fibromyalgia, her need to change positions throughout the workday, and her ability to reach overhead, also, whether to remain on task, and maintain regular work attendance will necessarily be impacted by proper evaluation of the medical opinion evidence. Therefore, this Court at this time declines to address these arguments.

Based on this and accordingly, the plaintiff's motion for judgment on the pleadings is granted; defendant's motion for judgment on the pleadings is denied; and this matter is reversed and remanded to the Commissioner pursuant to sentence four of Title 42 U.S. Code 405(g) for further proceedings consistent with this decision and order.

(Time noted: 3:51 p.m.)

CERTIFICATE OF OFFICIAL REPORTER

I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR, Official U.S. Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this # day of MONTH, YEAR.

s/ Hannah F. Cavanaugh

HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR

Official U.S. Court Reporter